IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00354-GPG

WALTER LEE GILBERT, aka LAMARCUS L. HILLARD,

     Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
UNITED STATES DEPT. JUSTICE,
MISSISSIPPI DEPT. CORRECTIONS, and
U.S.P. FLORENCE ADMAX/AGENT,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Walter Lee Gilbert, aka Lamarcus Lee Hillard, a federal inmate at

Florence ADMAX, has filed *pro se* a Prisoner Complaint (ECF No. 1) requesting that the

Court order the Federal Bureau of Prisons and "interactive parties" to "correct all proper

identification in the FBOP system, my door tag, and central file." (ECF No. 1, at 8). He

has paid the $400.00 filing fee.

The court must construe the Complaint liberally because Plaintiff is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons discussed

below, Plaintiff will be ordered to file an amended complaint if he wishes to pursue his

claims in this action.

The Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Plaintiff fails to provide a short and plain statement of the grounds for the court's jurisdiction.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

In order to comply with Rule 8 Plaintiff must identify the specific statutory authority that

allows the court to consider the claims he is asserting in this action.

In the Complaint, Plaintiff names four defendants: Federal Bureau of Prisons (BOP), U.S.P. Florence ADMAX, United States Department of Justice (DOJ), and Mississippi Department of Corrections and asserts jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 as well as 28 U.S.C. § 1028. Plaintiff asserts that he is "currently housed at the Federal Bureau of Prisons ADX Supermax under a misnomer, Lamarcus Lee Hillard, false date of birth 5-19-80, and incorrect Social Security number [ ] in violation of Federal Law 28 U.S.C.S. 1028 and related activity in connection with identification documents." (ECF No. 1, at 3). He seeks an order requiring the BOP and "interactive parties" to "correct all proper identification" in the BOP system and central file. (*Id.,* at 8).

First, Plaintiff cannot assert a claim under § 1983 against the named defendants because none of the United States agencies named in the caption "act under color of state law," a requirement to state a § 1983 claim. *See West v. Atkins,* 487 U.S. 42, 48-49 (1988). Because Plaintiff's Complaint charges federal actors, not state actors, with maintaining inaccurate records, Plaintiff's claims are more properly construed as asserting a *Bivens* action. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (a *Bivens* action is "the federal analog to suits brought against state actors under . . . § 1983"); *see also Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 397 (1971) (permitting suits against federal actors for constitutional violations). However, the United States and its agencies may not be sued in a *Bivens* action. *See e.g., Smith v. United States,* 561 F.3d 1090, 1099 (10th Cir. 2009) (affirming that a *Bivens* action can be brought

"only against federal officials in their individual capacities . . . *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies."). *Cf. Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1233 (10th Cir. 2005); *accord Correctional Servs. Corp. v. Malesko,* 534 U.S. 61, 74 (2001) (federal inmate may seek injunctive relief against federal prison officials in their official capacities from alleged constitutional violations).

In addition, Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1028.  This statute does not exist, but the Court believes Plaintiff intended to cite to 18 U.S.C. § 1028, which is the federal criminal statute that punishes fraud and related activity in connection with identification documents, authentication features, and information.  18 U.S.C.A § 1028.  This statute, however, does not provide Plaintiff with a private cause of action.  *See e.g., Newcomb v. Ingle,* 827 F.2d 675, 676 n.1 (10th Cir. 1987) (recognizing that 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action); *see also Winslow v. Romer,* 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").  In the amended complaint, Plaintiff must identify an applicable statutory authority that allows the court to consider the claims he is asserting in this action.

Plaintiff also fails to provide a short and plain statement of his claims showing he is entitled to relief.  Prisoners are not entitled to a correction of documents kept by the BOP.  *See Taylor v. Sniezek,* 2005 WL 1593671, at *2 (N.D. Ohio 2005) (prisoners have sued to correct social security numbers in BOP records under the Privacy Act, but that Act permits suits only for damages for violations, not injunctive relief).  Nor is the injunctive relief which Plaintiff seeks available to him under any other federal statute or the Constitution.  *Id.,* at *3; *Locklear v. Holland,* 194 F.3d 1313 (6th Cir. 1999) (Pursuant to 5 U.S.C. § 552a(j) the BOP's inmate records systems are exempt from the access and amendment provisions of the Privacy Act).

In order to comply with the pleading requirements of Rule 8 in the amended complaint, Plaintiff must identify the specific claims he is asserting and the statutory authority that allows the court to consider those claims, the specific facts that support each asserted claim, and what each Defendant did that allegedly violated her rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the appropriate court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov and

5

shall use that form in filing an amended prisoner complaint. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an

amended complaint that complies with this order, the action will be dismissed without

further notice.

DATED February 18, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge

6