IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00354-GPG

WALTER LEE GILBERT, aka LAMARCUS L. HILLARD,

      Plaintiff,

v.

JACK FOX, Complex Warden Custodian,
LORETTA LYNCH, U.S. Attorney General, Trustee, and
JERRY WILLIAMS, MDOC Director of Institutions,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Walter Lee Gilbert, also known as Lamarcus L. Hillard, is a Mississippi

state prisoner[1] currently incarcerated at the United States Penitentiary, Administrative

Maximum, in Florence, Colorado.  He initiated this action by filing *pro se* a Prisoner

Complaint (ECF No. 1) requesting that the Court order the Federal Bureau of Prisons

(BOP) and "interactive parties" to correct the name being used to identify him in all

prison and court records.  (*Id.,* at 8).  He has paid the $400.00 filing fee.

      On February 18, 2016, Magistrate Judge Gordon P. Gallagher reviewed the

Complaint and found it deficient for many reasons.  (*See* ECF No. 4).  Specifically,

Magistrate Judge Gallagher determined that the Complaint did not comply with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because

Plaintiff failed to provide a short and plain statement of (1) the grounds for the court's

---

[1] *See* https://www.ms.gov/mdoc/inmate/Search/GetDetails/K3739*.,* Mississippi
Department of Corrections (MDOC) Website Inmate Search.  *See also* ECF No. 6, at 2.

jurisdiction, and (2) his claims showing he is entitled to relief. (*Id.,* at 2, 5).  Magistrate

Judge Gallagher further found that Plaintiff could not assert a claim under 42 U.S.C. §

1983 against the named defendants because none of the United States agencies listed

in the caption "act under color of state law," a requirement to state a § 1983 claim. *(Id.,*

at 3).  Magistrate Judge Gallagher also informed Plaintiff that the United States

agencies could not be sued in an action brought pursuant to *Bivens v. Six Unknown*

*Fed. Narcotics Agents,* 403 U.S. 388 (1971).  (*Id.,* at 3-4).  Magistrate Judge Gallagher

further held that Plaintiff could not assert a private cause of action under 18 U.S.C. §

1028.  (*Id.,* at 4).  Finally, Magistrate Judge Gallagher found that Plaintiff was not

entitled to a correction of documents kept by the BOP under the Privacy Act.  (*Id.,* at 5).

Magistrate Judge Gallagher instructed Plaintiff to file an amended complaint that

identifies an applicable basis for this Court's jurisdiction and sets forth the specific

claims he is asserting, the specific facts that support each asserted claim, and what

each defendant did that allegedly violated his rights.  (*Id.*).

On February 29, 2016, Plaintiff filed an Amended Prisoner Complaint (ECF No.

6) pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Fed. Narcotics Agents,* 403

U.S. 388 (1971) against Defendants Jack Fox, Complex Warden Custodian, Loretta

Lynch, U.S. Attorney General, Trustee, and Jerry Williams, MDOC Director of

Institutions.  He also asserts jurisdiction pursuant to "28 U.S.C. 2201-02, 28 USCS -

1361, Title 22 - USCS - 3602(b), Canal Zone, 28-USC-1333, 28-USC-1604, 18-USC-

2631, 28 USCS-1441."  (*Id.,* at 3).

The Court must construe the Amended Complaint liberally because Plaintiff is a

*pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

2

F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court must review the Amended Complaint because Plaintiff is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b), the Court is required to dismiss the Amended Complaint, or any portion of the Amended Complaint, that is legally frivolous, malicious, or fails to state a claim upon which relief may be granted.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the Amended Complaints pursuant to § 1915A(b).

In the Amended Complaint, which is verbose and at times unintelligible, Plaintiff asserts three claims.  First, he raises a cruel and unusual punishment claim in violation of the Eighth Amendment because his life is "in imminent danger" "by refusing to correct proper identity and remove misnomer" and by "sending Plaintiff to Federal Custody under misnomer and falsified transfer documents."  (ECF No. 6, at 4).  Second, he alleges a violation of the First Amendment by "abridging my right to petition the Court, communicate with Family, correct my true identity peacefully."  (*Id.,* at 7).  He further states that he endures "much stealing of legal mail containing identification documents, namely Social Security Card, Judgement and Commitment Orders, Certified Certificate of Live Birth documents to this Court."  (*Id.*).  Third, Plaintiff asserts a Fifth Amendment violation "by illegally housing undersigned Walter Lee Gilbert, Date of Birth April 19, 1980, Social Security Number [ ] in United States territory under military feudal solitary

3

confinement without jurisdiction under a misnomer identification." (*Id.,* at 8).  As relief,

Plaintiff seeks money damages; an "injunction enjoining Defendants from continuing to

use misnomer, incorrect social security number, incorrect date of birth on any records,

door tag, PSI, remove Plaintiff via emergency transfer to Butner Correctional Facility;"

and declaratory judgment stating that Plaintiff's "name is in fact Walter Lee Gilbert."

(*Id.,* at 10).

In short, Plaintiff asserts that Defendants have violated his constitutional rights by

erroneously referring to Plaintiff in court and prison records as Lamarcus L. Hillard, the

name under which he was convicted and sentenced in Mississippi state courts, instead

of his alleged birth name, Walter Lee Gilbert.  For the reasons discussed below, Plaintiff

fails to allege a basis for this Court's jurisdiction, and fails to state a viable claim under

*Bivens*.

Federal courts, as courts of limited jurisdiction, must have a statutory basis for

their jurisdiction.  *See Morris v. City of Hobart,* 39 F.3d 1105, 1111 (10th Cir. 1994).

Plaintiff asserts jurisdiction pursuant to the following statues: "28 U.S.C. 2201-02, 28

USCS - 1361, Title 22 - USCS - 3602(b), Canal Zone, 28-USC-1333, 28-USC-1604, 18-

USC-2631, 28 USCS-1441."  (ECF No. 6, at 3).  None of these statutes, however,

provide a basis for this Court's jurisdiction in the instant action.

Plaintiff also asserts jurisdiction pursuant to 28 U.S.C. § 1331 and *Bivens*, which

recognizes that a plaintiff can recover from an individual federal agent for constitutional

violations committed while "acting under color of his authority."  403 U.S. at 389.

However, "[t]o state a *Bivens* action, [a] plaintiff must allege circumstances sufficient to

characterize defendants as federal actors."  *Romero v. Peterson,* 930 F.2d 1502, 1506

4

(10th Cir. 1991).  Here, Plaintiff cannot maintain a *Bivens* claim against Defendant Jerry

Williams, MDOC Director of Institutions, because Plaintiff does not allege any

circumstances sufficient to characterize Defendant Williams as a federal actor.  *See*

*e.g., Murphy v. Hylton,* 281 Fed. App'x 818, 820-21 (10th Cir. 2008) (holding that inmate

failed to allege facts to support contention that physician was federal actor for *Bivens*

claim).  Thus, the claim against Defendant Williams must be dismissed under §

1915A(b).

Plaintiff also cannot maintain a *Bivens* claim against Defendant Loretta Lynch,

U.S. Attorney General, Trustee, because he fails to allege the requisite personal

participation of Defendant Lynch.  A plaintiff must allege specific facts to show that the

named defendant's own conduct violated his constitutional rights.  *See Ashcroft v. Iqbal*,

556 U.S. 662, 676 (2009); *Steele v. Fed. Bur. of Prisons,* 355 F.3d 1204, 1214 (10th Cir.

2003).  There must be an affirmative link between the alleged constitutional violation

and each defendant's participation, control or direction, or failure to supervise.  *See*

*Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) (citations and quotations

omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).  A

supervisor can only be held liable for his own deliberate intentional acts.  *See Iqbal*, 556

U.S. at 676-77, 683.  In the Amended Complaint, Plaintiff does not allege any facts

demonstrating that Defendant Lynch was personally involved in the alleged

unconstitutional conduct.  Thus, the claim against Defendant Lynch must be dismissed

under § 1915A(b).

Plaintiff also fails to state a plausible claim for relief against Defendant Jack Fox,

Complex Warden Custodian.  In the Amended Complaint, Plaintiff first contends that

Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because the use of the name, Lamarcus L. Hillard, has put his life "in imminent danger by refusing to correct proper identity and remove misnomer" and by "sending Plaintiff to Federal Custody under misnomer and falsified transfer documents." (ECF No. 6, at 4).

The Eighth Amendment requires prison officials to maintain "humane conditions of confinement" by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking "reasonable measures to guarantee the safety of the inmates." *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Absent allegations of a "'specific deprivation' of a 'human need,' an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 303-05 (1991)). To establish an Eighth Amendment violation, a plaintiff must demonstrate that the deprivation is objectively "sufficiently serious," and that the prison official had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834, 847 (holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").

No such violation can be shown here. Plaintiff's conclusory and vague allegation that his life is in danger because he is being housed under the name, Lamarcus L. Hillard, does not support an Eighth Amendment claim because he does not allege any specific threat to his personal safety caused by this fact. The Court cannot find that the prison's use of his commitment name rises to the level of a violation of the Eighth

6

Amendment.  *See e.g., Coffey v. Daniels,* No. 12-cv-384, 2014 WL 1158874, at *7 (M.D.

Ga. Mar. 21, 2014).

Plaintiff next claims that Defendants violated his rights under the First

Amendment "by abridging my right to petition the Court, communicate with Family,

correct my true identity peacefully" and "stealing of legal mail containing identification

documents, namely Social Security Card, Judgement and Commitment Orders,

Certified Certificate of Live Birth documents to this Court."  (ECF No. 6, at 7).

To set forth a First Amendment claim of denial of access to the courts via

interference with legal mail, a plaintiff must plead and prove that "non-delivery of his

legal mail resulted in 'actual injury' by 'frustrat[ing],' 'imped[ing],' or 'hinder[ing] his

efforts to pursue a legal claim.'"  *Simkins v. Bruce,* 406 F.3d 1239, 1243 (10th Cir.

2005).  Conclusory allegations of injury will not suffice.  *Wardell v. Duncan,* 470 F.3d

954, 959 (10th Cir. 2006); *Gee v. Pacheco,* 627 F.3d 1178, 1191 (10th Cir. 2010)

(ignoring allegations "too conclusory to present a plausible claim that [the prisoner] was

impeded in his effort to pursue a nonfrivolous legal claim.").  Here, Plaintiff's conclusory

and vague allegations are insufficient to plausibly plead "actual injury" in his efforts to

pursue a nonfrivolous legal claim.

Moreover, while inmates generally have a First Amendment interest in using their

legally changed religious names (at least in conjunction with their committed names),

*see Malik v. Brown,* 71 F.3d 724, 727 (9th Cir. 1995), Plaintiff has not asserted a First

Amendment interest in using a legally changed name for religious purposes.  *See e.g.,*

*Kirwan v. Larned Mental Health,* 816 F. Supp. 672, 673-74 (D. Kan. 1993) (holding that

prison regulations requiring an inmate to respond to the name under which he was

7

convicted and sentenced did not violate the Constitution, where plaintiff had changed his name for personal reasons); *Barnes v. Conley,* 229 F.3d 1150 (6th Cir. 2000) (unpublished) (holding that a prisoner who had no religious basis for changing his name had no federal constitutional right to force a state court to legally change his name)*; Wolfe v. Beard,* Civil Action No. 10-2566, 2010 WL 5173199, at *5 (E.D. Pa. Dec. 9, 2010) (dismissing First Amendment claims based on prison's failure to use prisoner's legally changed name).

Even if Plaintiff asserted a free exercise violation, he seeks to enjoin Defendants from using his committed name, which does not provide a cognizable claim based on the First Amendment.  Federal courts have affirmed prison policies that require the use of both an inmate's religious name **and** his commitment name.  *See e.g., Ali v. Wingert,* 12-cv-02027-REB-CBS, 2014 WL 26102, at *7 (D. Colo. Jan. 2, 2014) (recognizing wide agreement in federal courts that prison policies requiring prisoners to use committed names in addition to their religious names on mail do not violate an inmate's constitutional right of religious freedom); *Felix v. Rolan,* 833 F.2d 517 (5th Cir. 1987) (requiring prisoner to use his committed name and his legal Muslim name did not violate the First Amendment); *Fawaad v. Jones*, 81 F.3d 1084, 1087 (11th Cir. 1996) ("[T]he use of their 'committed name,' as an alias, for purpose of identification of the prisoner, does not of itself violate the prisoner's constitutional rights").  Moreover, an inmate cannot compel a prison to reorganize its filing system to reflect the new name.  *See Barrett v. Virginia*, 689 F.2d 498, 503-04 (4th Cir. 1982) (adding the religious name change to the institution's records is sufficient to avoid a constitutional violation, but revision or reordering of existing files is not required); *Imam Ali Abdullah Akbar v.*

8

*Canney,* 634 F.2d 339, 340 (6th Cir. 1980) (holding that the refusal of prison officials to change their records to incorporate prisoner's new name did not constitute an infringement of a constitutionally cognizable First Amendment right); *Masjid Muhammed v. Keeve,* 479 F. Supp. 1311, 1322-1324 (D. Del. 1979) (inmates who changed their names for religious reasons had First Amendment right to be free of punishment for refusing to continue to use old names, but "[i]t does not follow . . . that plaintiffs are entitled to have the institution and its staff utilize their [new] Muslim names for all purposes . . . [a] Muslim inmate has no constitutional right to dictate how prison officials keep their records of prisoners"); *Rahman v. Stephenson,* 626 F. Supp. 886, 887 (W.D. Tenn. 1986) (while an inmate possesses a right to legally change his name for religious reasons, inmates have no right to require the BOP "to change their internal record-keeping and identification procedures whenever an inmate changes his name, legally or otherwise."); *United States v. Baker*, 415 F.3d 1273, 1274 (11th Cir. 2005) (holding that federal inmate's request for new commitment order reflecting his religiously based legal name change required prospective recognition of the name change only).

Therefore, the BOP has no constitutional duty to remove Plaintiff's committed name from its system and to identify him solely by his alleged birth name.  As noted above, Plaintiff has been convicted and sentenced in Mississippi state courts under the name Lamarcus L. Hillard, and he does not claim that he has legally changed his name for religious purposes to Walter Lee Gilbert.  Thus, Plaintiff has not alleged any factual or legal basis for his claim that Defendants violated the First Amendment based on their use of his committed name.

Plaintiff finally claims that Defendants violated his due process rights as protected by the Fifth Amendment by "illegally housing" him under the name, Lamarcus L. Hillard.

The Due Process Clause shields from arbitrary and capricious deprivation only those facets of a convicted criminals existence that qualify as "liberty interests."  See *Hewitt v. Helms*, 459 U.S. 460 (1983); *seel also Sandin v. Connor*, 515 U.S. 472, 483-84 (1995) ("States may under certain circumstances create liberty interests which are protected by the Due Process Clause . . . [b]ut these interests will be generally limited to freedom from restraint.").  Thus, the threshold question is whether Defendants' actions impacted a constitutionally-protected liberty interest.

Plaintiff cites no case law, and the Court has found none, which would indicate that Plaintiff has a constitutional liberty interest in using a name in prison other than the name under which he was convicted.  To the contrary, the few courts that have addressed this issue have specifically found a lack of any constitutional right.  *See, e.g.*, *Ali v. Stickman,* 206 Fed. App'x 184, 186 (3rd 2006) (finding no constitutionally protected behavior when prisoner sought to use a name different from the name under which he was committed, and the name change was for personal, not religious reasons); *Kirwan,* 816 F. Supp. at 673-74 (finding no constitutional right to be referred to a name other than name under which prisoner was convicted, even when name was legally changed); *seel also Jorgensen v. Larsen,* 930 F.2d 922 (10th Cir. 1991) (plaintiff had no protected liberty interest in the use of her birth name on her state driver's license); *Brown v. Cooke*, Civil Action No. 06-cv-01092-MSK-CBS, 2009 WL 641301, *8 (D. Colo. Mar. 9, 2009) ("While the common law has traditionally recognized a person's

10

right to assume whatever name they choose, the common law did not require that the world at large accept that name."). The same is true here. Plaintiff has no constitutional right to the use of the name, Walter Lee Gilbert, in the BOP's internal records when Plaintiff was convicted under the name Lamarcus L. Hillard in the Mississippi state courts.

In short, Plaintiff has provided no authority upon which this Court could order Defendants to change his name in prison and court records.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Amended Prisoner Complaint and this action are dismissed as legally frivolous under 28 U.S.C. § 1915A(b). It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this ___11th___ day of ___March_____, 2016.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court